In the Matter of LOUIS MATHOT, an Attorney, Respondent.

First Department, July 13, 1917.

**Attorney-at-law disbarred — permitting client to verify petition
containing false statements.**

Attorney-at-law disbarred for permitting his client, the plaintiff in an
action for divorce, to verify a petition containing a material false state-
ment to the effect that she had established a *bona fide* residence in the
State of New Jersey and in procuring the same to be filed in the office
of the clerk of the court in said State.

DISCIPLINARY PROCEEDING instituted by the Association of
the Bar of the City of New York.

*Einar Chrystie [John Neville Boyle* of counsel], for the
petitioner.

*Byrnes & Feibel,* attorneys for the respondent.

CLARKE, P. J.:

Respondent was admitted to the bar in September, 1879,
at a General Term of the Supreme Court held in Kings county,
and has been and is now practicing in the First Judicial
District.

Mrs. Lucie L. Geissler wished to procure a divorce from
her husband and learning the name, occupation and address
of the respondent through an advertisement in a French
newspaper published in New York wrote him on the subject.
The respondent first met Mrs. Geissler in November, 1913.
It appeared that desertion was the only ground that could
be urged as a basis of divorce. The respondent advised the
bringing of an action in the State of New Jersey and told
Mrs. Geissler that she would have to be an actual *bona fide*
resident of New Jersey at the time the action was brought.
He further explained to her that desertion was not ground
for divorce in the State of New York, but that he thought she
could get the divorce in the State of New Jersey on that
ground and he would recommend to her an attorney by the
name of William H. Galloway, a New Jersey attorney, because
he was not familiar with the laws of New Jersey and could
not personally prosecute an action in that State. At this
time the respondent knew that Mrs. Geissler was working and

First Department, July, 1917.                    [Vol. 178.

residing in the city of New York. Respondent had some
acquaintance with a Mrs. Coulon residing at Bayonne, N. J.,
and he accompanied Mrs. Geissler to the residence of
Mrs. Coulon at Bayonne and made the parties acquainted
and told Mrs. Coulon that Mrs. Geissler desired to have a
room in Mrs. Coulon's house and stated further that it was
the intention of Mrs. Geissler to commence an action for
divorce against her husband and that she wished to establish
her residence in New Jersey. Mrs. Geissler arranged with
Mrs. Coulon for a room at three dollars per week and moved
her trunk containing some worthless articles to her house.
Mrs. Geissler never actually occupied the room but continued
to reside and carry on her work in the city of New York.
Mr. Galloway prepared the petition to the Chancery Court
of New Jersey and gave a draft thereof in his own hand-
writing to the respondent. It was typewritten by some one
in respondent's office and the respondent thereupon, on
February 5, 1914, sent for Mrs. Geissler and on her arrival
called in his son, handed the petition to him and sent him
with Mrs. Geissler to New Jersey to verify it before a master
in chancery and on that day it was duly sworn to by Mrs.
Geissler, returned to the office of the respondent and filed
in the office of the clerk in chancery on February 13, 1914.
The 3d paragraph of the petition is as follows:

"3. Your petitioner is a *bona fide* resident of the State,
having her permanent home at Number 72 West 33rd Street,
Bayonne, in the County of Hudson, and State of New Jersey;
that for more than two years next preceding the filing of
this petition, petitioner has been continuously a resident of
the County of Hudson, and has ever since been and still is a
resident of said County as hereinbefore stated."

On or about March 23, 1915, Advisory Master Biddle sent
to Mr. Galloway a memorandum in the Geissler action which
states: "The third paragraph of the petition does not answer
the necessities of the case. * * * That the wife had been
a *bona fide* resident of this State for more than two years next
preceding the filing of this petition (Feb. 13, 1914) may or
may not be sufficient."

Mr. Galloway brought this memorandum to the attention
of the respondent and stated that he thought it would be

necessary to amend the petition for divorce, setting forth when Mrs. Geissler became a resident of the State, and suggested that respondent ascertain from Mrs. Geissler the exact facts. A few days later Mr. Galloway received from respondent an original memorandum in the handwriting of the respondent as follows:

" In the year 1909 he left for France and never called upon nor wrote to her, he is now as she believes in France, but does not know where; he never sent her any money nor inquired about his child, a girl of 8 years, born in 1906. She supported herself and child through her own work, the name of the child Lucie Marie Geissler, born in France, visiting teacher.

" Residence in Bayonne since 1910.

" She trav. at time either in France or in the U. S., but always retained her residence at Bayonne, N. J."

Later Mr. Galloway declined to proceed with the case for the reason that Mrs. Geissler had not been a resident of the State of New Jersey for two years prior to the filing of the petition.

The learned referee has reported that the foregoing facts are undisputed. He further says: " The precise misconduct of which the respondent stands accused is the procuring or causing Mrs. Geissler to verify a petition containing an allegation which he knew to be false.

" That Mrs. Geissler swore to the truth of this allegation and that it is false is not denied. There is no testimony tending to show that Mrs. Geislser ever attempted to procure a residence in New Jersey earlier than December, 1913, and such testimony as there is, if given full weight, falls far short of establishing an actual and *bona fide* residence there even at that time.

" The respondent admits that he knew a residence in New Jersey was required but denies that he knew that under the laws of New Jersey a two years' residence was necessary before the filing of a petition for divorce. His defense is that he put Mrs. Geissler's case in the hands of Mr. Galloway, and relied upon him entirely in all matters connected with the prosecution of the action, and that it was not until Mr. Galloway refused to go on because Mrs. Geissler had not been a resident of the State of New Jersey for two years prior to the filing of the petition that he first became aware of such a rule and fixed the date in the Spring of 1915, about

First Department, July, 1917.          [Vol. 178.

the time the Advisory Master informed Mr. Galloway the petition would have to be amended."

Mr. Galloway testified that respondent first spoke to him about the proposed divorce proceedings of Mrs. Geissler in January or February of 1914; that he did not see Mrs. Geissler until a month or so after the petition for divorce was filed; that a few days after the first conversation with respondent he had a second interview with him at which time he left with him a copy of the chancery rules of New Jersey and read to respondent from a copy he had with him the statutes of New Jersey relating to divorce. That at this second interview he asked respondent where the client lived to which the respondent replied that she lived in Bayonne; that he then told the respondent that it would be necessary, under the statute, for his client to have been a *bona fide* resident of New Jersey for two years next preceding the filing of the petition, and that that was a statutory requirement, and would have to be set forth in the petition; and that respondent prepared a memorandum of the facts, from which he prepared the form of petition.

It should be borne in mind that Mrs. Geissler was the respondent's client. She retained him and paid him his fee. He was not the attorney of record for he was not a New Jersey practitioner. He engaged Galloway to do the attorney work in New Jersey upon a division of the fee. Galloway had but one interview with Mrs. Geissler and this a month or so after the petition was filed. He knew nothing of her antecedents or of the facts in the case except as presented to him by the respondent. Mrs. Geissler, testified: "Mr. Mathot was my lawyer. I had meant to leave the whole matter to him. I did whatever Mr. Mathot advised. Mr. Mathot said I would only have to pay for my room until I would get my decree which would be at the end of April, 1914. He said: ' I will hand you your decree for your next birthday which is in April, you will be a free woman then and you will not have to give me any more money — you will give me $50 more then when I hand you the decree.' This was a conversation we had on the train coming back from Bayonne." She further testified: " I never resided in New Jersey, I never said to Mr. Mathot that I had lived there."

The referee states: " On the question of the respondent's knowledge of the two years' requirement and the information imparted by him to Mr. Galloway concerning Mrs. Geissler's residence the contents of petitioner's exhibit 18, above set forth, is significant. The respondent in his own handwriting states that Mrs. Geissler resided in Bayonne since 1910, and although she travelled ' always retained her residence at Bayonne, N. J.' " The referee further said: " On the question of the respondent's knowledge of the allegation in the petition that the petitioner was a *bona fide* resident of the State of New Jersey, had a permanent home there and had been continuously a resident of the County of Hudson where she had resided for more than two years next preceding the filing of the petition, attention is called to the undisputed facts, as above stated, to the effect that the petition was typewritten in the respondent's office, that the respondent sent his son with Mrs. Geissler to New Jersey to have it verified, that it was returned to the respondent's office and remained there for some days before it was filed in New Jersey. The irresistible inference seems to be when these facts are considered, coupled with all the other testimony, that the respondent must have had knowledge of this important feature of the petition." And he concludes: "After a careful consideration of all the testimony, I reach the conclusion that it must be held that the respondent was cognizant of the provision requiring a two years' residence in New Jersey before Mrs. Geissler could maintain her action for a divorce; that he knew the contents of the petition in the action; that the allegation as to the petitioner's residence was untrue, and that he was instrumental in her making oath thereto."

" I find the charge against the respondent of misconduct as an attorney at law sustained."

We have very carefully considered all of the evidence in the case and are satisfied that the conclusion of the learned official referee is fully justified and we approve the same. The respondent is an attorney of very many years practice at the bar and according to his own testimony has had many divorce cases. He admits that he knew that Mrs. Geissler was a resident of New York and that she would have to be an actual *bona fide* resident of New Jersey at the time she

brought her divorce action. There is no doubt from his testimony, as well as that of Mrs. Geissler, that in introducing her to Mrs. Coulon for the purpose of acquiring a nominal residence at Bayonne he was assisting Mrs. Geissler and in fact directing her to establish a residence in New Jersey which was neither actual nor *bona fide.* In other words, establishing for her a residence for divorce purposes solely in New Jersey, and there is no escape from the conclusion that he knowingly permitted her to verify a petition containing a material false statement and procured it to be filed in the office of the clerk of the Court of Chancery in New Jersey. His attempt to shift the responsibility to Mr. Galloway cannot succeed because it is clearly proved that whatever information Mr. Galloway had was derived from the respondent who alone devised the scheme of the purported New Jersey residence and authorized commencement of the action in that State based thereon.

It is our opinion that for the professional misconduct of which he had been found guilty the respondent should be and hereby is disbarred.

SCOTT, PAGE, DAVIS and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.